UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PEYMAN FARZINPOUR,<br><br>               Plaintiff,<br><br>v.<br><br>BERKLEE COLLEGE OF MUSIC,<br><br>               Defendant. | Civil Action No. 1:20-cv-11003 |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF

Counsel for the Plaintiff, Peyman Farzinpour – Andrew Miltenberg, Tara Davis, and Regina Federico of Nesenoff & Miltenberg, LLP, along with Jeannie Suk Gersen – hereby submits this memorandum of law in support of their motion to withdraw as counsel, pursuant to Local Rule 83.5.2(c)(2) and Massachusetts Rule of Professional Conduct 1.16. As described herein, good cause for such withdrawal exists. Specifically, counsel and Plaintiff have encountered fundamental disagreements which have rendered counsel's representation of the Plaintiff to be unreasonably difficult, and which have caused an irretrievable breakdown in the attorney-client relationship.

Massachusetts Rules of Professional Conduct Rule 1.16 provides that an attorney *must* withdraw from the representation of a client if: (1) the representation will result in violation of the rules of professional conduct or other law; (2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or (3) the lawyer is discharged. Rule 1.16 further provides that an attorney *may* withdraw from representing a client if: (1) withdrawal can be accomplished without material adverse effect on the interests of the client; (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal

1

or fraudulent; (3) the client has used the lawyer's services to perpetrate a crime or fraud; (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement; (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or (7) other good cause for withdrawal exists. S.J.C. Rule 3:07 RPC 1.16. Similarly, Local Rule 83.5.2(c)(2) provides that an attorney may withdraw an appearance on behalf of a party by seeking leave of court to withdraw his or her appearance for good cause shown.

The undersigned counsel seeks to withdraw from its representation of the Plaintiff, Peyman Farzinpour, in this action because counsel and Plaintiff have encountered fundamental disagreements regarding the handling of this matter, communications have broken down to a degree that counsel's representation is no longer feasible, and there has been an irreparable deterioration in the attorney-client relationship. Accordingly, good cause for counsel's withdrawal exists. *See Phantom Ventures LLC v. Depriest*, 2017 WL 1147448, at *2 (D. Mass. Mar. 27, 2017).

Counsel has not submitted exhibits in support of this motion, in order to maintain the confidentiality of attorney-client privileged communications and the privacy of the Plaintiff. However, counsel respectfully requests that prior to issuing any decision on this motion, and in the event the Court requires further detail regarding the nature of the disagreements and communications leading to counsel's request to withdraw from its representation of Plaintiff, that counsel be permitted an opportunity to meet with the Judge in camera, at the Court's convenience. To counsel's understanding, Plaintiff does not intend to oppose this motion and is in the process of attempting to secure new counsel.

Based on the foregoing, counsel respectfully requests: (i) that they be permitted to withdraw as counsel to Plaintiff on this matter; and (ii) that the Court stay all proceedings for at least sixty (60) days, if needed, to permit Plaintiff sufficient time to secure new counsel.

**Dated:      September 19, 2022**
**            Boston, Massachusetts**

                              **Respectfully submitted,**

                              **NESENOFF & MILTENBERG, LLP**
                              *Attorneys for Plaintiff Peyman Farzinpour*

                              **By: /s/** *Tara J. Davis*
                              **Andrew T. Miltenberg, Esq. (*Pro Hac Vice*)**
                              **363 Seventh Avenue, Fifth Floor**
                              **New York, New York 10001**
                              **(212) 736-4500**
                              **amiltenberg@nmllplaw.com**

                              **Tara J. Davis (BBO No. 675346)**
                              **Regina M. Federico (BBO No. 700099)**
                              **101 Federal Street, Nineteenth Floor**
                              **Boston, Massachusetts 02110**
                              **(617) 209-2188**
                              **tdavis@nmllplaw.com**
                              **rfederico@nmllplaw.com**

                                  -and-

                              **Jeannie Suk Gersen (BBO No. 601070)**
                              **1563 Massachusetts Avenue**
                              **Cambridge, Massachusetts 02138**
                              **(617) 496-8834**
                              **jsuk73@gmail.com**

## **CERTIFICATE OF SERVICE**

I certify that on September 19, 2022, this document was filed through the ECF System of the United States District Court for the District of Massachusetts and will be served electronically on the Registered Participants identified in the Notice of Electronic Filing.

*/s/ Tara J. Davis*
Tara J. Davis